IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ISMAEL CARDENAS-AVILA,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:19-CR-420 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Ismael Cardenas-Avila's Motion for Early Termination of Supervised Release. For the reasons discussed below, the Court will deny the Motion without prejudice.

　　　　Defendant was sentenced to a term of 41 months' imprisonment and 36 months of supervised release on April 27, 2021, following his entry of a guilty plea to one count of Distribution of Methamphetamine. Defendant began his term of supervision on May 1. 2023. Defendant filed a motion for early termination of supervised release on July 7, 2024. This is his first motion for early termination of supervised release.

　　　　In his Motion, Defendant states that he has complied with all the terms of his supervised release, has developed positive relationships and habits, has had success in his work life, and has otherwise turned his life around for the better.  Consultation with Defendant's supervising officer confirms that Defendant has done well while on supervision and has complied with the terms of his supervised release.

1

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that termination of Defendant's supervised release is not appropriate at this time. While the Court commends Defendant on his progress, the Court believes that an additional period of supervision will be beneficial.

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 35) is DENIED without prejudice.[1]

DATED this 8th day of October, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] Because a refusal to terminate supervised release is not a modification of the conditions of supervised release, a court is not required to hold a hearing under Federal Rule of Criminal Procedure 32.1(c) if it decides not to grant a request for early termination. *See United States v. Reagan*, 162 F. App'x 912, 913 (11th Cir. 2006).